UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMAAL BROWN, on behalf of himself, individually, and on behalf of all others similarly-situated,

                Plaintiff,

-against-

KA INVESTIGATIONS-SECURITY, LLC,

                Defendant.

**COMPLAINT**

**Docket No.: 18-cv-5520**

Jury Trial Demanded

JAMAAL BROWN ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C, as and for his Complaint against KA INVESTIGATIONS-SECURITY, LLC, ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL and NYCCRR, NYLL § 652, 12 NYCCRR § 142-2.1; (iv) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day in which the spread of hours exceeds ten, NYLL § 652(1), 12 NYCCRR § 142-2.4; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3);

1

(vi) the NYLL's requirement that employer furnish employees with a wage notice at hire containing specific categories of accurate information, N.Y. Lab. Law § 195(1); (vii) the NYLL's requirement that employers pay wages to their employees who perform manual work pursuant to the terms of employment not less frequently than on a weekly basis, NYLL § 191(1)(a); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.   Plaintiff worked for Defendant - - a private security company - - as a construction site security guard in the Bronx from on or around August 21, 2017 until April 15, 2018. As described below, throughout his employment, Defendant willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, for all but the first few weeks of his employment, Defendant required Plaintiff to work more than forty hours in a workweek, but failed to compensate him at the statutorily-required overtime rate of one and one-half times his regular rate of pay, or one and one-half the minimum wage rate, if greater, for any hours that he worked each week in excess of forty. Instead, Defendant paid him at his straight-time rate of pay for all hours worked each week, including those in excess of forty.

3.   Additionally, Defendant violated the NYLL by failing to provide Plaintiff with: wages amounting to at least the statutory minimum wage for all hours worked during 2018; an additional one hour's pay at the minimum wage rate for all days when Plaintiff's spread of hours exceeded ten; accurate wage statements on each payday or with any wage notice at his time of hire, let alone an accurate one; and all of his earned wages on at least as frequently as a weekly basis, all as the NYLL requires.

4.   Defendant paid and treated all of its security guards in the same manner.

5.   Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually,

and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings all claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiffs who opt-into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all relevant times herein, Defendant was and is a New York limited liability company, with its principal place of business located at 534 Van Duzer Street, Staten Island, New York 10304.

11. At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and the NYLL. Additionally during all relevant times, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees, interacts with and receives payments from out-of-state construction companies that hire Defendant's private security services for work to be performed in and around New York City, and staffs security projects out of state in New Jersey and Pennsylvania, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former security guards, who during the applicable FLSA limitations period, performed any work for Defendant, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their

respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and NYCCRR.

17. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former security guards who performed any work for Defendant within the State of New York at any time within six years from the date of this action's commencement to the present ("Rule 23 Plaintiffs").

### Numerosity

19.     Within the last six years, Defendant has, in total, employed at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

20.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendant required and requires Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether Defendant paid and pays Rule 23 Plaintiffs overtime wages at time and one half their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked over forty in a week; (4) whether Defendant failed and fails to pay Rule 23 Plaintiffs at least at the statutory minimum wage rate for all hours worked; (5) whether Defendant failed and fails to pay Rule 23 Plaintiffs spread-of-hours premium pay when their workdays exceed ten hours; (6) whether Defendant failed and fails to furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (7) whether Defendant failed and fails to furnish Rule 23 Plaintiffs with accurate wage notices at the time of their hire containing the information required by NYLL § 195(1); (8) whether Defendant failed and fails to pay Rule 23 Plaintiffs their wages on at least as frequently as a weekly basis; (9) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and NYCCRR; and (9) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

21. As described in the "Background Facts" section below, Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and NYCCRR. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant in New York, and Defendant did and does not pay them overtime wages for all hours worked over forty each week or at least at the statutory minimum wage rate for all hours worked, nor did and does Defendant furnish them with spread of hours pay, proper wage statements, or wage notices when the law requires, nor did and does Defendant pay them their wages at least as frequently as on a weekly basis. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and NYCCRR to be paid at least at the minimum wage rate for all hours worked, all of their earned overtime wages, and one additional hour's pay at the minimum wage rate when their spread of hours exceeds ten in a day, to be furnished with accurate wage statements on each payday and wage notices upon hire, and to be paid at least as frequently as on a weekly basis. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and NYCCRR. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of prompt compensation or under-compensation due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

Adequacy

22. Plaintiff, as described below, has worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendant. Defendant regularly failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate of pay, or one and one-half times

7

the minimum wage rate, if greater, for all hours worked over forty each week, did not pay Plaintiff at least the statutory minimum wage for all hours worked, did not pay Plaintiff spread-of-hours premiums for all days where his shift spanned in excess of ten hours from start to finish, did not furnish Plaintiff with accurate wage statements on each payday, did not furnish Plaintiff with an accurate wage notice upon hire, and did not pay Plaintiff his wages at least as frequently as on a weekly basis, which is substantially similar to how the Defendant paid and treated and pays and treats the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters pertaining to him raised in this Complaint and that will be raised in the Defendant's Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendant has subjected to the treatment alleged herein.

23.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

### Superiority

24.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant has treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25.     Any lawsuit brought by any security guard of Defendant would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

26.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

27.     Defendant is a New York limited liability company that provides, among other things, private security guard services for commercial construction sites in New York City, New Jersey, and Pennsylvania.

28.     At all relevant times, and from at least December 31, 2016 to the present, Defendant has employed and does employ at least eleven employees in New York City.

29.     Plaintiff worked for Defendant as an on-site security guard from on or about August 21, 2017 through April 15, 2018, at various commercial construction sites in the Bronx, New York, providing on-site security guard patrol.

30.     Plaintiff's primary duties - - and well more than 25% of his duties - - as a security guard consisted of performing manually laborious tasks in conducting site inspections and walk-throughs, and in handling tools and equipment on constructions sites, such as manning security gates and tool lock-ups, and running various errands for Defendant on an as-needed basis.

31.     With the exception of the first few weeks of Plaintiff's employment where worked on a "part-time" basis, Defendant required Plaintiff to work - - and Plaintiff did in fact work - - over forty hours each week or virtually each week.

32.     By way of example only, during the workweek of January 8 through January 14, 2018, Defendant required Plaintiff to work, and Plaintiff did work, forty-eight hours by way of three eight-hour shifts from 3:00 p.m. until 11:00 p.m. on Wednesday, Thursday, and Friday of that week, and two twelve-hour shifts from 7:00 a.m. to 7:00 p.m. on Saturday and Sunday of that week.

33.     For each workweek that Plaintiff worked, including in the example week just provided, Defendant paid Plaintiff at the rate of $11.00 per hour for all hours worked.

34. Throughout the entirety of Plaintiff's employment, including in the example week just provided, Defendant failed to pay Plaintiff overtime compensation of one and one-half times his regular rate of pay, or one and one-half times the minimum wage rate, if greater, for any hours that Plaintiff worked over forty in a workweek.

35. Moreover, Defendant failed to pay Plaintiff at least at New York's statutory minimum wage rate of $13.00 per hour for all hours worked from December 31, 2017 until his termination on April 15, 2018, instead only paying him $11.00 per hour.

36. Defendant also failed to provide Plaintiff with an additional hour's pay at the minimum wage rate on each day when his shift exceeded ten hours from start to finish.

37. For example, during the example week just provided, Plaintiff's shift exceeded ten hours from start to finish on the Saturday and Sunday of that week, but Defendant failed to pay Plaintiff an additional hour's pay at the minimum wage rate for either of those days.

38. Defendant paid Plaintiff on a bi-weekly basis.

39. On each occasion when it paid Plaintiff, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his overtime rate of pay for all hours worked over forty each week.

40. Additionally, Defendant did not provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*, Plaintiff's overtime rate of pay as designated by the employer.

41. Defendant treated and paid Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

42. Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

43. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*

44. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

46. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

47. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

48. Defendant willfully violated the FLSA.

49. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCCRR*

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

53. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

54. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay Minimum Wages under the NYLL and the NYCCRR*

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers that employ eleven or more employees in New York City must pay to their employees for each hour worked.

59. As described above, Defendant employees eleven or more employees within New York City within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

60. As also described above, Defendant did not compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

61. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to the minimum rate of pay required by the NYLL and NYCCRR for all hours worked.

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

65. As described above, Defendant is an employer within the meaning of the NYLL and NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and NYCCRR.

66. As also described above, Defendant failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with spread of hours pay on each day when their spread of hours exceeded ten.

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to recover one hour's pay, at the minimum wage rate, for all days during which their shift exceeded ten hours from start to finish.

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's failure to pay the required spread of hours pay.

## **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

69. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

71. As described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing all of the criteria required under the NYLL.

72. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $100.00 for each workweek after the violations occurred, up to a statutory cap of $2,500.00.

73.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $250.00 for each workday after the violations occurred, up to a statutory cap of $5,000.00.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

74.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

76.     As described above, Defendant failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with any wage notice at hire, let alone one accurately containing all of the criteria required under the NYLL.

77.     Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

78.     On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay Weekly Wages in Violation of the NYLL*

79.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. NYLL § 191(1)(a) requires employers to pay "manual workers" at least as frequently as on a weekly basis.

81. As described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, were and are "manual workers" under the NYLL in that at least twenty-five percent of their work was and is spent performing manual tasks.

82. As also described above, Defendant failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, on at least as frequently as a weekly basis, in violation of NYLL § 191(1)(a).

83. As a result of Defendant's failure to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, all of their wages in a timely manner, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

## DEMAND FOR A JURY TRIAL

84. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with

them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

    c.     An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

    d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    e.     Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

    f.     Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

    g.     All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

    h.     Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

    i.     Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

    j.     Pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
June 19, 2018

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel.: (212) 279-5000
Fax: (212) 679-5005

By: _____
MICHAEL R. MINKOFF (MM 4787)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)